IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMES J. KINGSTON,<br><br>Plaintiff<br><br>v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>Defendant | REPORT AND RECOMMENDATION<br><br><br>2:17-cv-00068-JNP-EJF<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiff James J. Kingston filed this action asking this Court[1] to review the Acting Commissioner of Social Security's ("Commissioner") approval of his claims for disability insurance benefits (DIB) and Supplemental Security income (SSI) payments under Titles II and XVI of the Social Security Act (Pl.'s Opening Br. ("Pl.'s Br.") 2, ECF No. 21.) Mr. Kingston alleges the Administrative Law Judge ("ALJ") abused her discretion by "forcing" Mr. Kingston to accept a later disability onset date than he alleged or risk not receiving any benefits at all. (Id. at 3.) Having carefully considered the parties' memoranda and the complete record in the matter,[2] the undersigned recommends that the District Judge AFFIRM the Commissioner's decision.

---

[1] On May 19, 2017, Judge Parrish referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B). (ECF No. 18.)
[2] Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the Court concludes it does not need oral argument and will determine the appeal on the basis of the written memoranda.

1

**FACTUAL AND PROCEDURAL HISTORY**

Born on December 25, 1968, (tr. 352, the certified copy of the transcript of the entire record of the administrative proceedings relating to James J. Kingston (hereinafter "Tr. _"), ECF No. 16, ), Mr. Kingston alleges disability based on depression, anxiety, addiction, bipolar disorder, among other conditions. (Tr. 363.)  Mr. Kingston has a history of alcohol and substance abuse with anxiety and depression and received in-patient treatment for his addictions. (See e.g., Tr. 491, 510, 535, 540, 548, 555, and 564.) With a Master's degree, Mr. Kingston worked in finance until his termination on January 15, 2013 due to company restructuring. (Tr. 609, 443.)

Mr. Kingston applied for Disability Insurance Benefits on June 17, 2014, alleging a disability onset date of June 1, 2014 (tr. 323–29), and also filed an application for Supplemental Security Income on August 27, 2015, alleging disability onset of September 1, 2012. (Tr. 330-38.) In April 2016, Mr. Kingston amended his alleged onset date to January 15, 2013, his last day of gainful employment. (Tr. 351.)

The Social Security Administration initially denied Mr. Kingston's disability claim on October 7, 2014 (tr. 296-98), and again upon reconsideration on September 1, 2015 (tr. 300-05). On September 2, 2015, Mr. Kingston requested a hearing before an ALJ. (Tr. 307-08.) The ALJ conducted an administrative hearing in May 2016 (tr. 105-62), and a supplemental hearing in August 2016, (tr. 32-85). By the time of these hearings, Mr. Kingston found himself homeless and requested expedited consideration of his claim as a result. (Tr. 306.) During the August hearing the ALJ asked Mr. Kingston's attorney if his client would like to amend his onset date and gave Mr. Kingston time to confer with his attorney. (Tr. 76-77.) After the opportunity to confer and a few more

minutes of the attorney questioning the Medical Expert ("ME"), the attorney stated his client agreed to amend the onset date. (Tr. 77-84.) The ALJ issued a fully favorable decision on August 16, 2016 finding Mr. Kingston disabled and entitled to benefits as of July 24, 2015. (Tr. 16-31.) The ALJ found that, since July 24, 2015, Mr. Kingston's severe impairments included mood, anxiety, and antisocial personality disorders, and polysubstance abuse in early remission. (Tr. 23-24.)

On October 12, 2016, Mr. Kingston appealed the ALJ's decision to the Social Security Appeals Council (tr. 4–6) arguing that "[w]hile the decision purports to be a 'Fully Favorable' decision, the claimant maintain[ed] that he felt pressured into accepting a shorter period of disability than he was eligible for," because the ALJ "exploited his situation as a homeless person." (Tr. 4–5.) The Appeals Council denied Mr. Kingston's request for review (tr. 1–3), thereby rendering the ALJ's August 2016 decision the Commissioner's final administrative decision for purposes of judicial review. See 20 C.F.R. § 404.981 (explaining the effect of an Appeals Council denial).

## STANDARD OF REVIEW

42 U.S.C. §§ 405(g) and 1383(c)(3) provide for judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA"). The Court reviews the Commissioner's decision to determine whether the record as a whole contains substantial evidence in support of the Commissioner's factual findings and whether the SSA applied the correct legal standards. 42 U.S.C. §405(g); Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007). The Commissioner's findings shall stand if supported by substantial evidence. 42 U.S.C. §§ 405(g) and 1383(c)(3). In addition to a lack of substantial evidence, the Court may reverse where the Commission uses the wrong

3

legal standards or the Commissioner fails to demonstrate reliance on the correct legal standards.  See Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994); Thomson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993); Andrade v. Sec'y of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir. 1993).

## ANALYSIS

Mr. Kingston alleges the ALJ abused her discretion when she allegedly forced Mr. Kingston to "either accept reduced benefits or face a possible claim denial." (Pl.'s Br. 2, ECF No. 21.)  He argues that the ALJ offered him a "deal" in the following exchange:

> ALJ: --there – there's conflicts in the evidence.  The expert has testified.  We had it sent out for a consultative exam.  The expert has testified twice.  We've sent it out for a consultative exam.  You know, we're not going to      get a better record than what we have right now.  Do you want to amend the onset date or not?

(Pl.'s Br. 5, ECF No. 21 (quoting tr. 76.)  Mr. Kingston contends that the ALJ's statement made clear that he could "[e]ither amend the onset date of disability to July 24, 2015 and waive a significant portion of back benefits and Medicare eligibility, or take your chances."  (Id.)  Mr. Kingston contends the ALJ's alleged "offer of a 'deal' to a homeless man" constitutes an abuse of the ALJ's discretion.  (Id. at 6.)  The undersigned disagrees.

Nothing in the record suggests the ALJ "coerced or influenced [Mr. Kingston] to amend his onset date."  Del Toro v. Astrue, No. 08-cv-02765-REB, 2010 WL 749870 at *4 (D. Colo. Mar. 3, 2010) (unpublished).  Mr. Kingston argues that, prior to amending the onset date, he made one more attempt to convince the ALJ and her medical experts that they should consider October 2014 his onset date.  (Pl.'s Br. 5–6.)  The ALJ stated:

4

> ALJ: Well, we've discussed it, and we've discussed it in detail. We've gone back over it two or three times. This – if you want, I'll – you know, if you want, I'll just – I'll just take it under advisement.
>
> But if you want to – there's a point at which I'm ready to accept, based on the record and the testimony here today and the testimony I'd gotten earlier in the first hearing, that there does seem to be a date at which it becomes clear, more clear. And you know – and, you know, I – the evidence does show that, and that's – you know, that's what we've got. So I'm ready to consider that, but if you – if that's not something you are ready to undertake or consider, then I'll take it under advisement and go back to the – you know, take it back and take another… [] look at it.

(Tr. 83-84.) The ALJ's language is not coercive nor does she promise Mr. Kingston an unfavorable or favorable determination. More importantly, Mr. Kingston had representation by counsel throughout his proceedings, and even consulted with his attorney before agreeing to the amended onset date. Courts have found a plaintiff's amendment of his alleged onset date "a voluntary and knowing waiver of [his] right to claim benefits for any alleged disability prior to that date," where the plaintiff "specifically affirmed to the ALJ at the hearing that he had been afforded adequate time to discuss the matter with his attorney and was [voluntarily] amending." Del Toro, 2010 WL 749870 at *4. In this case, the ALJ gave Mr. Kingston appropriate time to confer with his attorney before agreeing to amend his onset date. (Tr. 76-77.) Mr. Kingston may have "reluctantly" agreed to amend his onset date because of his homelessness and chose to receive something rather than take the chance of getting nothing all (Pl.'s Br. 5, ECF No. 21), but he made his decision voluntarily and knowingly without coercion from the ALJ.

The ALJ relied on Dr. Andrew Nichols's findings from his July 24, 2015 consultative psychological exam where he conclusively diagnosed Mr. Kingston with "not only [] opioid and stimulant disorders but also with a mood disorder (bipolar I disorder), an anxiety disorder (post-traumatic stress disorder), and a personality disorder (antisocial)." (Tr. 23.)  The ALJ found prior evidence of psychological issues ambiguous.  (Id.)  "[W]hen medical evidence does not establish the precise onset date, the ALJ may have to 'infer the onset date from the medical evidence and other evidence that describe the history and symptomatology of the disease process.'" Blea v. Barnhart, 466 F.3d 903, 909 (10th Cir. 2006) (quoting SSR 83-20, 1983 WL 31249, at *2.)  Because record evidence supports the ALJ's decision, and the record does not reflect the ALJ exerted inappropriate pressure on Mr. Kingston, the ALJ did not abuse her discretion when she proposed and Mr. Kingston accepted the amended onset date of July 24, 2015.

## RECOMMENDATION

For the reasons set forth above, the undersigned RECOMMENDS the District Judge AFFIRM the Commissioner's decision.

The Court will send copies of this Report and Recommendation to all parties, who are hereby notified of their right to object.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof.  Id.  Failure to object may constitute waiver of objections upon subsequent review.

DATED this February 20, 2018

6

BY THE COURT:

_____

Evelyn J. Furse
United States Magistrate Judge